```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-20-19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MALIBU MEDIA, LLC,

                    *Plaintiff*,

      -against-

JOHN DOE subscriber assigned IP address:
184.152.172.145,

                    *Defendant*.

-----------------------------------------------------------X

18 Civ. 7760 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff moves for leave to file a third-party subpoena on Defendant John Doe's Internet Service Provider, Spectrum, in advance of the conference mandated by Fed. R. Civ. P. 26(f). (Dkt. 11). The Court concludes that Plaintiff has satisfied the requirements for leave to serve a third-party subpoena on an expedited basis, *see Arista Records, LLC v. Doe*, 604 F.3d 110, 115 (2d Cir. 2010), and GRANTS Plaintiff's motion.

This case, however, raises special concerns about protecting Defendant's privacy given both the nature of the copyrighted material, *see Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012), and the risk of false identification by Defendant's ISP. *See Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of the IP address was the infringer.").

In light of those concerns, it is hereby:

ORDERED that the Defendant may proceed anonymously as John Does unless and until the Court orders otherwise;

IT IS FURTHER ORDERED that Plaintiff shall not initiate settlement discussions prior to service of the Complaint without leave of Court. If Defendant initiates such discussion, Plaintiff is permitted to participate therein and settle the case;

IT IS FURTHER ORDERED that Plaintiff is allowed to conduct immediate discovery on Spectrum with a subpoena under Fed. R. Civ. P. 45 seeking John Doe's name and current and permanent address. Plaintiff is not permitted to subpoena Spectrum for Defendant's email address or phone number. The subpoena shall have a copy of this Order attached.

IT IS FURTHER ORDERED that Plaintiff shall immediately serve a copy of this Order on Spectrum and that Spectrum shall serve a copy of this Order on John Doe. Spectrum may serve John Doe using any reasonable means, including written notice sent to John Doe's last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe shall have 60 days from the date of service of this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena). Spectrum may not turn over John Doe's identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if John Doe or Spectrum files a motion to quash the subpoena, Spectrum may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing Spectrum to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without John Doe or Spectrum contesting the subpoena, Spectrum shall have 10 days to produce the information

responsive to the subpoena to Plaintiff. If John Doe moves to quash or modify the subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify Spectrum so that Spectrum is on notice not to release John Doe's contact information to Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that Spectrum shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

IT IS FURTHER ORDERED that Spectrum shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Spectrum elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Fed. R. Civ. P. 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its Complaint.

IT IS FURTHER ORDERED that Plaintiff's time to serve the Summons and Complaint on Defendant is extended to forty-five days after Plaintiff receives the information from the ISP pursuant to subpoena.

The Clerk of the Court is directed to close the motion at Dkt. 11.

Dated: New York, New York  
May 10, 2019

SO ORDERED

*Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge